I concur in the majority opinion insofar as it affirms the holdings of the Court of Criminal Appeals; I dissent insofar as the majority opinion reverses and remands.
The majority holds that the indictment properly charged a capital offense, but, the majority then holds that the trial judge erroneously instructed the jury on a different offense, and that the jury erroneously rendered a verdict on a different offense. I disagree. In my opinion, the trial judge, faced with the charge enumerated in the indictment, should have charged as he did. The majority emphasizes portions of the court's charge to which exception was taken, but omits other portions of the court's charge, which I think clearly show that the court did not err. That portion is as follows:
 "Now if after consideration of all the evidence in this case you are convinced beyond a reasonable doubt and to a moral *Page 729 
certainty . . . that he intentionally killed Dora Mae Ford while in the process of robbing her, it is your duty to so find. In that event your verdict would be as follows: `We, the jury, find that defendant Roy Frank Clements guilty of first degree murder with aggravated circumstances as charged in the indictment, and we fix the punishment at death.'" [Emphasis added.]
It is obvious that the court defined to the jury what he meant by "murder in the first degree under circumstances of aggravation," by saying:
 ". . . that is, that he intentionally killed Dora Mae Ford while in the process of robbing her, it is your duty to so find."
When defense counsel objected to the oral charge and the reference to the form of verdict, the court inquired: "What do you say it is?" Counsel replied: "It is my understanding from Mr. Rayburn that it has been robbery with aggravated circumstances." Counsel, given an opportunity to suggest an appropriate instruction, did not do so. In fact, had the court charged the jury as suggested by counsel for defendant, and told the jury to return a verdict finding him guilty of "robbery with aggravated circumstances" or "not guilty," it would have constituted plain error because the intentionalkilling is the gravamen of the capital felony, not robbery.
Since the court defines the essence of the capital offense to the jury, using the victim's name, and since the court's charge on the form of the verdict, and also the jury verdict, both refer to first degree murder with aggravated circumstances "ascharged in the indictment," it is specifically referable to the indictment, which charges only a capital felony, and the verdict of the jury could be "guilty" or "not guilty." There are no lesser included offenses. A verdict is the definitive answer of the jury and is sufficient in form if it decides the question in issue in such wise to enable the court to enter judgment. 23 A.C.J.S. § 1393, p. 1054. The jury verdict, stating as it does, that it found the defendant "guilty . . as charged in the indictment" is sufficient. 6A Ala.Dig., Criminal Law 881 (2).
If one will read the entire Death Penalty Statute in pari materia, one will find that in § 13-11-6, which lists aggravating circumstances, the reference is to "capital felony."
A reading of sections 13-11-1 and 13-11-2 and the remainder of the Death Penalty Act shows that the legislature intended to make, and did make, intentional killings (murder of specified persons and under specified situations, and intentional killings while the defendant was engaged in or was an accomplice in the commission of several specified offenses), the "capital felony." The legislature intended to punishcapitally defendants who intentionally killed under certain specified circumstances.
The defendant was charged with robbery and during the course of the robbery with intentionally killing his victim. The court so charged the jury and the verdict, even though not a model to follow, referred to the charge in the indictment. As we have said, the grand jury, by charging, in the indictment, that the "intentional killing" was first degree murder, necessarily put a heavier burden of proof on the state, but I believe that there is nothing wrong with that.
I have no problem determining exactly what the defendant was charged with [a capital felony] and what he was found guilty of [a capital felony]. I would affirm.
FAULKNER and ALMON, JJ., concur.
 On Rehearing
On application for rehearing, Justices Jones and Shores withdraw their special concurrence and concur in the result of the opinion.
APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and BLOODWORTH, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, FAULKNER and ALMON, JJ., dissent. *Page 730